IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK THORNTON,<br><br>    Plaintiff,<br><br>  v.<br><br>FCA US LLC,<br><br>    Defendant. | Case No. 21-cv-08807-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |

    Before the Court is plaintiff Patrick Thornton's ("Thornton") Motion to Remand, filed December 13, 2021. Defendant FCA US LLC ("FCA") has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for January 28, 2022, and rules as follows.

    In his complaint, initially filed in state court, Thornton alleges that, in 2018, he purchased a vehicle manufactured by FCA (see Compl. ¶ 4), that the vehicle manifested defects "[d]uring the warranty period" (see Compl. ¶¶ 5-6), and that FCA has been "unable to service or repair the [v]ehicle" (see Compl. ¶ 7). Based on those allegations, Thornton asserts four claims under state law, titled, respectively, "Violation of Subdivision (d) of Civil Code Section 1793.2," "Violation of Subdivision (b) of Civil Code Section 1793.2," "Breach of the Implied Warranty of Merchantability (CA Civil Code §§ 1791.1, 1794), and "Violation of Business and Professions Code § 17200."

    On May 28, 2021, FCA, relying on diversity jurisdiction, removed the case to federal court for the first time, stating the parties are "of different citizenship" (see Skanes

Decl., filed November 12, 2021, Ex. C ¶ 24; see also id. Ex. C ¶¶ 28-29), and that "the amount in controversy exceeds $75,000" (see id. Ex. C ¶ 11).  By order filed July 27, 2021, the Court remanded the action, finding FCA, a citizen of the Netherlands and the United Kingdom, failed to show Thornton was a "citizen of a State," within the meaning of 28 U.S.C. § 1332.  See 28 U.S.C. § 1332(a)(2) (providing, where amount in controversy exceeds $75,000, diversity jurisdiction exists where action is between "citizens of a State and citizens or subjects of a foreign state"); Newman-Green, Inc. v. Alfonso-Larrain, 490 U.S. 826, 828 (1989) (holding "citizen of a State," for purposes of § 1332, is person who is "a citizen of the United States" and "domiciled within [a] State").

On November 12, 2021, FCA removed the case for the second time, again relying on diversity jurisdiction.  In support thereof, FCA now asserts that, as a result of discovery conducted after the matter had been remanded, it learned Thornton is a citizen of California; additionally, it again asserts the amount in controversy exceeds the sum of $75,000.

In seeking remand, Thornton argues the second notice of removal fails on two grounds, namely, that, according to Thornton, it is (1) substantively deficient because FCA has not shown the amount in controversy exceeds the sum of $75,000, and (2) procedurally deficient because it constitutes an improper attempt to seek reconsideration of the Court's July 27 order remanding the action.  The Court considers Thornton's two arguments in turn.

With regard to the amount in controversy, Thornton alleges he has "suffered damages in a sum to be proven at trial but not less than $25,000" (see Compl. ¶ 9), and, in addition, that he "is entitled to a civil penalty in the amount of two times [his] actual damages" (see Compl. ¶ 10), i.e., an amount not less than $50,000.[1]  In light of these

---

[1] Thornton alleges FCA's failure to comply with the obligations under an express warranty was "willful."  (See Compl. ¶ 10.)  Under § 1794(c) of the California Civil Code, where a plaintiff establishes a willful failure to comply with an express warranty, as Thornton alleges in his First and Second Causes of Action, the plaintiff may recover a civil penalty in an amount up to "two times the amount of actual damages."  See Cal. Civ. Code § 1794(c).

1  allegations, Thornton, as FCA points out, has placed into controversy a minimum amount
2  of $75,000.  Further, in light of Thornton's prayer for an award of attorney's fees (see
3  Compl., prayer ¶ E), a form of relief available to a prevailing plaintiff under § 1794, on
4  which he relies, see Cal. Civ. Code §§ 1794(d), (e)(1), the Court finds the requisite
5  amount in controversy, specifically, a sum that exceeds $75,000, is established.  See
6  Fritsch v. Swift Transportation Co., 899 F.3d 785, 788 (9th Cir. 2018) (holding where
7  plaintiff "would be entitled under a . . . statute to future attorney's fees, such fees are at
8  stake in the litigation and should be included in the amount in controversy").

9  Next, with regard to his procedural challenge, Thornton relies on a case holding a
10 second notice of removal constitutes an improper request for reconsideration of an order
11 of remand where the showing made in the second notice is based on evidence the
12 defendant possessed at the time of initial removal.  See Leon v. Gordon Trucking, Inc.,
13 76 F. Supp. 3d 1055, 1058-59, 1063, 1068 (C.D. Cal. 2014) (finding, where corporate
14 defendant asserted district court had diversity jurisdiction but case was remanded due to
15 defendant's failure to identify its principal place of business, second notice of removal
16 improper where, other than identifying defendant's principal place of business, evidence
17 offered in support of second notice was "identical" to evidence offered in support of first
18 notice).  Additional case authority cited by Thornton makes clear, however, that a
19 defendant may remove a case for a second time where such subsequent removal is
20 based on evidence the defendant did not possess at the time of initial removal.  See
21 Benson v. SI Handling Systems, Inc., 188 F.3d 780, 781, 783 (7th Cir. 1999) (finding,
22 where district court remanded action due to defendant's failure to establish amount in
23 controversy, defendant entitled to again remove where, "[b]ack in state court, plaintiffs
24 revealed in discovery that they suffered more than $75,000 in damages").

25 Here, as noted, FCA's second notice of removal is based on information not in its
26 possession at the time of the first removal, namely, evidence of Thornton's citizenship,
27 which information Thornton does not dispute was first obtained by FCA through discovery
28 taken after the case was remanded.  Under such circumstances, the instant notice of

removal is not procedurally improper. See id.; see also Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 691 (9th Cir. 2006) (observing that, where district court remands case due to defendant's failure to establish requisite amount in controversy, "later-discovered facts may prompt a second attempt at removal").

Accordingly, Thornton's motion to remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 25, 2022

MAXINE M. CHESNEY
United States District Judge