IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK THORNTON,<br><br>    Plaintiff,<br><br>  v.<br><br>FCA US LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-08807-MMC<br><br>**ORDER RE: DEFENDANT'S MOTION TO STRIKE FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, FOR LEAVE TO FILE ANSWER; VACATING HEARING; AFFORDING PLAINTIFF LEAVE TO AMEND; DIRECTIONS TO PARTIES** |

Before the Court is defendant FCA US LLC's ("FCA") Motion, filed May 27, 2022, "to Strike the First Amended Complaint, or in the Alternative [for] Leave to File an Answer to the First Amended Complaint." Plaintiff Patrick Thornton ("Thornton") has filed opposition, to which FCA has replied. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for July 8, 2022, and rules as follows.

In the above-titled action, Gomez raises claims arising from his purchase of an FCA vehicle he alleges is defective. By the instant motion, FCA challenges the propriety of Thornton's filing, on April 30, 2022, a First Amended Complaint ("FAC"), without first having obtained a court order. Although Thornton relies on the Court's having set, in its Pretrial Preparation Order, a deadline of April 30, 2022, to amend pleadings (see Doc. No. 32), the deadline set by the Court was the deadline for a party to either move to

---

[1] Thornton failed to provide the Court with a courtesy copy of his opposition and FCA failed to provide a courtesy copy of its reply. Nonetheless, the Court has considered those filings. For future reference, the parties are reminded that, pursuant to the Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.

amend or to file a stipulation agreeing to such amendment, neither of which Thornton did.[2]

In his opposition, Thornton states that if he misunderstood the deadline set by the Court, he will seek leave to file the FAC.  Rather than striking the FAC and requiring Thornton to file a motion, however, the Court, in the interests of judicial economy, finds it preferable to treat Thornton's opposition as a request to file the FAC.  See, e.g., Edwards v. Occidental Chemical Corp., 892 F.2d 1442, 1445-46 and n.2 (9th Cir. 1990) (holding district court may grant request to amend, made in opposition to motion for summary judgment, without requiring requesting party to file motion to amend).  Further, as it appears that the failure to file a motion to amend by April 30 was the result of an excusable mistake, that the proposed amendments are not futile, that the amendment is not sought in bad faith, that any period of delay was not undue, and that no cognizable prejudice has been shown,[3] the request to amend will be granted.  See Johnson, 975 F.2d at 607-08 (setting forth factors to be considered when party seeks leave to amend).

A court may, however, impose "reasonable conditions on a grant of leave to amend."  See International Ass'n of Machinists & Aerospace Workers, 761 F.2d 1386, 1391 (9th Cir. 1985) (internal quotation and citation omitted).  Here, the FAC adds as a new defendant Guy Strohmeier's Auto Group ("Guy Strohmeier's"), the entity from whom Thornton purchased the subject vehicle.  As the deadline to complete fact discovery is September 26, 2022, and the docket reflects the Clerk of Court has already issued a

---

[2] Although a party seeking to amend on or before such deadline need only establish the proposed amendment is proper under Rule 15 of the Federal Rules of Civil Procedure, see Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992), whereas a party seeking to amend after the expiration of such deadline must additionally establish "diligence" prior to expiration, see id. at 608-09, in either instance, the requisite showing must be made.

[3] Although FCA argues it will be prejudiced in light of Thornton's having delayed alleging "the used vehicle was purchased at an FCA US LLC authorized repair facility" (see Def.'s Reply at 2:15-16, 25-27), FCA fails to identify the nature of any prejudice, nor is any apparent, particularly in light of FCA's having been aware, no later than May 28, 2021, Thornton purchased his vehicle from Guy Strohmeier's Auto Group (see Skanes Decl., filed November 12, 2021, ¶ 7, Ex. E to Ex. C (Doc. No. 1-4)).

2

1 summons as to Guy Strohmeier's (see Doc. No. 40), leave to add Guy Strohmeier's as a party will be conditioned on Thornton's serving said entity no later than July 15, 2022. Failure to file proof of such service will result in dismissal of said defendant without prejudice.

Lastly, the Court will grant FCA's alternative request that it be afforded leave to file the proposed answer it submitted in connection with the instant motion.

## CONCLUSION

For the reasons stated above:

1. To the extent FCA seeks an order striking the FAC, the motion is hereby DENIED, and Thornton's request for leave to file the FAC is GRANTED, with the limitation that the addition of Guy Strohmeier's as a defendant is conditioned on its being served no later than July 15, 2022, and proof of such service being filed no later than July 22, 2022.

2. To the extent FCA seeks leave to file an answer to the FAC, the motion is hereby GRANTED, and FCA is DIRECTED to file its proposed answer, or any other response to the FAC if it so chooses, no later than July 8, 2022.

**IT IS SO ORDERED.**

Dated: June 24, 2022

MAXINE M. CHESNEY
United States District Judge