IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK THORNTON,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, et al.,<br><br>Defendants. | Case No. 21-cv-08807-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GUY STROHMEIER'S AUTO GROUP'S MOTION TO DISMISS** |

Before the Court is defendant Guy Strohmeier's Auto Group's ("GSAG") Motion, filed July 18, 2022, "to Dismiss First Amended Complaint." Plaintiff Patrick Thornton ("Thornton") has filed opposition, to which GSAG has replied. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court rules as follows.[2]

In the operative complaint, the First Amended Complaint ("FAC"), Thornton alleges that he purchased from GSAG a "2016 Ram Pickup 1500" (see FAC ¶ 6), that he was given an "express written warranty" for "a period of 3 years or 58,575 miles" (see FAC ¶ 11), that "defects" in the vehicle subsequently "manifested," such as "engine overheating" and the vehicle's "failing to start" (see FAC ¶ 12), and that his "spouse presented the [v]ehicle for repair on numerous occasions and on all occasions, despite

---

[1] Thornton failed to provide the Court with a courtesy copy of his Opposition. Nonetheless, the Court has considered it. For future reference, Thornton is reminded that, pursuant to the Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.

[2] By order filed August 30, 2022, the Court took the matter under submission.

numerous repair attempts, the problems kept coming back" (see FAC ¶ 14).  Based on said allegations, Thornton asserts against GSAG three causes of action arising under the Song-Beverly Consumer Warrant Act ("Song-Beverly Act"), specifically, the First, Fifth, and Ninth Causes of Action.  (See FAC ¶¶ 23-24, 51, 86-87).  Additionally, Thornton asserts as the Eighth Cause of Action a claim under the Consumer Legal Remedies Act ("CLRA"), based on his allegation that, although GSAG "knew" the vehicle "suffered from an inherent defect, was defective, would fail prematurely, [and] had significant defects at the time of sale," it "fail[ed] to disclose the defects and their potential consequences" to Thornton (see FAC ¶¶ 76-77).

By the instant motion, GSAG argues that each of the claims asserted against it are subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court considers the claims in turn.

**A.  Song-Beverly Act**

GSAG first argues that each of the three Song-Beverly Act claims asserted against it is subject to dismissal as barred by the applicable statute of limitations and because, according to GSAG, it sold the subject vehicle to Thornton "as is."

**1.  Statute of Limitations**

A "four-year limitations period" applies to claims under the Song-Beverly Act.  See Krieger v. Nick Alexander Imports, Inc., 234 Cal. App. 3d 205, 211 (1991).  GSAG argues that claims under the Song-Beverly Act accrue on the date the vehicle is purchased.  Although GSAG acknowledges the date of purchase is not alleged in the FAC, it contends the Court can ascertain such fact at the pleading stage by taking judicial notice of a document GSAG asserts is a copy of a sales contract signed by Thornton on March 27, 2018 (see Olives Decl. ¶ 4, Ex. A),[3] a date more than four years before April 30,

---

[3] Where a defendant seeks dismissal under Rule 12(b)(6), the court's "[r]eview is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice."  See Metzler Investment GmbH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1061 (9th Cir. 2008).

2022, the date on which the FAC was filed.[4]

Neither the sales contract nor the date on which it was signed, however, constitutes a fact "generally known within the trial court's territorial jurisdiction" or one that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," see Fed. R. Evid. 201(b) (providing circumstances under which court may take judicial notice of fact), and, consequently, is not subject to judicial notice.  Although a court also "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," see Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (equating, for purposes of Rule 12(b)(6) motion, documents incorporated by reference in complaint and "documents crucial to the plaintiff's claims), the document submitted by GSAG is not properly authenticated[5] and Thornton has objected to its admissibility.

Further, although a court may treat a motion to dismiss as a motion for summary judgment where a party offers evidence outside the pleadings, see Fed. R. Civ. P. 12(d), the Court declines to do so in this instance, as GSAG's motion, if treated a motion for summary judgment, would be denied.  See Hamilton v. Keystone Tankship Corp., 539 F.2d 684, 686 (9th Cir. 1976) (holding "[e]xhibits which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment").[6]

Moreover, and more importantly, a claim under the Song-Beverly Act does not accrue until "the plaintiff reasonably knows or should know that breach has occurred – that is, that the defendant either will not or cannot repair an existing defect."  See Yi v.

---

[4] GSAG was not named in the initial complaint.

[5] As Thornton points out, the declarant does not appear to, or even purport to, have personal knowledge of the parties' agreement.

[6] Contrary to Thornton's argument, however, the admission of the document is not subject to a hearsay objection.  See Kepner–Tregoe, Inc. v. Leadership Software, Inc., 12 F.3d 527, 540 (5th Cir.1994) (holding "[a] contract is a verbal act [that] has legal reality independent of the truth of any statement contained in it," and, consequently, "cannot be the subject of a valid hearsay objection").

3

1  BMW of North America, LLC, 805 Fed. Appx. 459, 461 (9th Cir. 2020); see also Krieger,
2  234 Cal. App. 3d at 211 (1991) (holding plaintiff established triable issue of fact as to
3  timeliness of Song-Beverly Act, where plaintiff offered evidence demonstrating he filed
4  suit less than four years from date he "determined that [defendant] had been unable to
5  repair his car").  Although, as GSAG correctly observes, Thornton has not included in the
6  FAC the dates on which the vehicle was brought in for repairs, i.e., dates potentially
7  bearing on the date of accrual, Thornton is not required to do so.  See California
8  Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1407 (9th Cir. 1995) (holding "there is no
9  requirement that a plaintiff specifically plead when the cause of action accrued – that is
10 the defendant's responsibility if it wishes to raise a limitations defense").

Accordingly, GSAG has not shown the claims asserted under the Song-Beverly Act are subject to dismissal as time-barred.

**2.  "As Is" Sale**

GSAG argues it sold the subject vehicle to Thornton on an "as is" basis, and, consequently, he has no claim under the Song-Beverly Act.  In support of such argument, GSAG relies on § 1792.5 of the California Civil Code, which provides that "[e]very sale of goods that are governed by the provisions of [the Song-Beverly Act], on an 'as is' or 'with all faults' basis, made in compliance with the provisions of [said Act], shall constitute a waiver by the buyer of the implied warranty of merchantability and, where applicable, of the implied warranty of fitness."  See Cal. Civ. Code § 1792.5.

While acknowledging the FAC includes no allegation that the sale was "as is," GSAG argues the Court can ascertain such fact at the pleading stage by taking judicial notice of a document GSAG asserts is a "Buyer's Guide" signed by Thornton, in which, next to the language "AS IS – NO WARRANTY," a box is checked.  (See Olives Decl. Ex. 2.)  For the same reasons as stated above with regard to the sales contract, however, (1) the Court cannot take judicial notice of the Buyer's Guide, (2) the Buyer's Guide is not properly authenticated, and (3) the Court declines to construe the motion to dismiss as a motion for summary judgment.

4

Accordingly, GSAG has not shown the claims asserted under the Song-Beverly Act are barred by § 1792.5.

**B. CLRA Claim**

GSAG next argues Thornton's CLRA claim, the Eighth Cause of Action, is subject to dismissal for failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure.

Rule 9(b) applies to "claims for violation of the CLRA," where those claims are grounded in fraud, see Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009), including "non-disclosure claims," see id. at 1127. In particular, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud," see Fed. R. Civ. P. 9(b), specifically, the "who, what, when, where, and how of the misconduct charged," see Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation and citation omitted); see also In re GlenFed Inc. Securities Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (holding Rule 9(b) requires plaintiff to "set forth an explanation as to why the statement or omission complained of was false or misleading").

Here, as GSAG points out, the FAC does not comply with Rule 9(b). Indeed, Thornton pleads no more than a conclusory allegation that GSAG "knew" the vehicle was defective when it sold it to Thornton (see FAC ¶ 74), which allegation does not come close to meeting the heightened pleading standards of Rule 9(b). See In re GlenFed, 42 F.3d at 1548 (holding "conclusory allegations of fraud" are insufficient to satisfy Rule 9(b)) (internal quotation and citation omitted).

Accordingly, Thornton's CLRA claim will be dismissed, with leave to amend, for failure to comply with Rule 9(b).[7]

//

//

---

[7] Although GSAG contends the CLRA claim is also barred by the applicable three-year statute of limitations, see Cal. Civ. Code § 1783, and, in addition, is subject to dismissal on the ground the sale was "as is," the CLRA claim, for the reasons stated above with respect to the claims asserted under the Song-Beverly Act, is not subject to dismissal on either of those grounds.

**CONCLUSION**

For the reasons stated above, GSAG's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks dismissal of the Eighth Cause of Action, the motion is GRANTED, and the Eighth Cause of Action is DISMISSED with leave to amend.

2. To the extent the motion seeks dismissal of the First and Fifth Causes of Action, as alleged against GSAG, and the Ninth Cause of Action, the motion is DENIED.

3. If Thornton wishes to file a Second Amended Complaint for the purpose of amending the Eighth Cause of Action, and, if he so chooses, the First, Fifth, and/or Ninth Causes of Action, he shall file such amended pleading no later than September 21, 2022. Thornton may not, however, add any new claim without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2). If Thornton does not timely file a Second Amended Complaint, the instant action will proceed against GSAG on the First, Fifth, and Ninth Causes of Action as alleged in the FAC.

**IT IS SO ORDERED.**

Dated: September 6, 2022

MAXINE M. CHESNEY
United States District Judge